**Dorothy LEIBEL**

v.

**Patricia HARRIS, Secretary of Health, Education and Welfare.**

Civ. A. No. 79–4712.

United States District Court, E. D. Pennsylvania.

July 14, 1980.

to review a final decision of the Secretary of Health, Education and Welfare, insofar as that decision denied plaintiff's application for social security disability insurance and supplemental security benefits from the date of claimed onset, September 29, 1976, until September 30, 1977, the date from which the Secretary found the plaintiff to be thereafter totally disabled.

Cross motions for summary judgment have been filed by plaintiff and defendant, respectively. Additionally, the plaintiff seeks a remand of the record, contending that the Administrative Law Judge based his decision solely upon the plaintiff's earnings without considering the character of the duties performed by the plaintiff, without considering the physical limitations involved in the performance of such duties and without considering the manner in which she performed such duties, which considerations, it is contended, are essential to a determination of the question whether the plaintiff was engaged in substantial gainful activity. It is contended that mere reference to the amount earned is not sufficient. *See Stark v. Weinberger*, 497 F.2d 1092 (7th Cir. 1974), where the court stated at page 1100:

> . . . it is clear that each case must be decided on its own facts, and post-disability employment is not necessarily disqualifying in every case. The question is not simply answered by the fact of employment *or the extent of her earnings.* Rather the answer turns on whether she was disabled within the meaning of the Act notwithstanding the fact that she actually did work. (Emphasis added)

Jeffrey L. Greenwald, Easton, Pa., for plaintiff.

Peter F. Vaira, U. S. Atty., Thea Duell, Asst. U. S. Atty., Philadelphia, Pa., for defendant.

### MEMORANDUM AND ORDER

TROUTMAN, District Judge.

This is an action under Sections 205(g) and 1631(c)(3) of the Social Security Act as amended by Sections 405(g) and 1383(c)(3)

*See Collins v. Matthews*, 547 F.2d 795 (4th Cir. 1976); *Chicager v. Califano*, 574 F.2d 161 (3d Cir. 1978). The court continued:

> . . . plaintiff worked only because she desperately needed the money; was transferred from one department to another because of her condition; needed the assistance of her co-workers to perform; had a high absence rate; worked in great pain; . . . Although neither she nor her doctors was fully aware of the extent of her disability while she was

struggling to maintain her earnings be-cause of her 'severe economic need' we think it is now apparent that, at all times after 1950, her affliction was sufficiently serious to be disabling within the mean-ing of the Act. 497 F.2d at 1100–1101.

In the instant case, unlike *Stark*, the plaintiff in an interview (t. 139) stated that as compared to her co-employees, she did not work shorter hours, she was not on a different pay scale, she did not have fewer or easier duties, she was not given extra help, her production was not lower and the quality of her work was not lower than that of other employees. Thus, plaintiff's em-ployment situation would not appear to fall within the *Stark* ruling, but for fact that at page 140 of the transcript she said: "I returned to work in order to have money to pay my bills—rent & food. I am only work-ing part time. I am still sick, but need to work in order to live. I have only worked 1 day this week. They want me to work this weekend if I can".

Turning now to the opinion of the ALJ, it is noted that he states that he "considered all the testimony" (t. 19). He then goes into an "evaluation of the evidence" (t. 19) and continues with a detailed analysis of the plaintiff's physical condition (t. 20, 21).

Without specific reference to how she performed her duties, what limitations her physical condition may have imposed there-on, her absence rate, etc., the ALJ then turned immediately to her earnings records (t. 22) and concluded that the plaintiff had performed "substantial gainful activity" through the third quarter of 1977.

With this conclusion plaintiff quarrels, contending that the ALJ failed to consider the factors delineated in *Stark*. A refer-ence to the transcript of testimony indicates that the plaintiff's testimony and that of her witnesses is primarily devoted to her physical condition, not to the manner in which she performed her duties during the disputed period in question. Thus, only the ALJ can determine whether he considered the principles enunciated in *Stark* or indeed whether the record before him contained sufficient evidence upon which to make such evaluation.

Therefore, we shall remand the record. In doing so, we are convinced that the ALJ did in fact consider the entire record, but whether the entire record contained infor-mation upon which to resolve the plaintiff's present contentions under *Stark* is again a matter for him to decide. Appropriate or-der will be entered.